IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

SHAUL SHIRHASHIRIM                                                                          PLAINTIFF
ADC #140176

v.                                       5:19CV00011-DPM-JJV

JAMES GIBSON, Warden, Varner                                                          DEFENDANTS
Unit, WALTER WASHIGTON,
Lieutenant, Varner Unit, WENDY
KELLEY, Director, ADC Central Office

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.   INTRODUCTION

Shaul Shirhashirim ("Plaintiff") is incarcerated at the Varner Unit of the Arkansas Department of Correction and filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 2.) He sued James Gibson, Warden of the Varner Unit, Walter Washigton, a Lieutenant at Varner, and Wendy Kelley, Director of the ADC. He sued each Defendant in his or her official capacity only. (*Id*. at 2, 5-7.) Plaintiff alleges Defendant Washigton restrained his hand as it was in the food trap and hit his hand with the metal food flap bar, causing permanent disfigurement. (*Id*. at 4.) Plaintiff further alleges Defendant Gibson lied to internal affairs about the details of the incident and wrongly upheld the disciplinary action Plaintiff received in connection with Defendant Washigton's version of the events. (*Id*. at 4.) He maintains that Defendant Kelley ignored all his claims, and that Defendants Kelley and Gibson failed to discipline Defendant Washigton. (*Id*. at 4, 7.) Plaintiff seeks damages. (*Id*. at 8.) After careful review of Plaintiff's Complaint (Doc. No. 2), I find it should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## II. SCREENING

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. ANALYSIS

Plaintiff sued Defendants, each an employee of the Arkansas Department of Correction, in their official capacities only, and in his prayer for relief he asks for damages. While Plaintiff attempted to identify policies that were the moving force behind the alleged violation of his rights (*see* Doc. No. 2, at 6), his official-capacity claims fail regardless because they are the equivalent of claims against the State of Arkansas. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58,

71 (1989). Section 1983 provides for a cause of action against a person acting under color of state law who deprives another of a federally-protected right. 42 U.S.C. § 1983. However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will*, 491 U.S. at 71. Similarly, the State of Arkansas has not waived its Eleventh Amendment immunity. *Burk v. Beene*, 948 F.2d 489, 492-94 (8th Cir. 1991). "[A] suit by private parties seeking to impose liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." *Id*. (*citing Edelman v. Jordan*, 415 U.S 651, 663 (1974)). Because Defendants are officials of the State of Arkansas, they cannot be considered "persons" in their official capacities for the purposes of this lawsuit and Plaintiff's claims against them should be dismissed.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.   Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2.   Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

3.   The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 8th day of January 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."