IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

SHAUL SHIRHASHIRIM                                                                                    PLAINTIFF
ADC #140176

v.                                             5:19cv00011-DPM-JJV

JAMES GIBSON, Warden, Varner                                                                      DEFENDANTS
Unit, WALTER WASHINGTON,
Lieutenant, Varner Unit

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

## **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.	The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

>  Clerk, United States District Court
>  Eastern District of Arkansas
>  600 West Capitol Avenue, Suite A149
>  Little Rock, AR 72201-3325

## DISPOSITION

### I.   INTRODUCTION

Shaul Shirhashirim ("Plaintiff"), an inmate at the Varner Unit of the Arkansas Department of Correction ("ADC"), filed this action *pro se* pursuant to 42 U.S.C. § 1983.  (Doc. No. 2.)  He alleges excessive force against Defendant Walter Washington, a Lieutenant at the Varner Unit, among other claims.[1]  (Doc. Nos. 2, 7.)

Defendants have now filed a Motion for Summary Judgment, contending Plaintiff failed to exhaust his administrative remedies on certain of his claims.  (Doc. Nos. 19-21.)  Plaintiff has not responded and the time for doing so has passed; this matter is now ripe for a decision.  After careful review, and for the following reasons, I find the Motion for Summary Judgment should be GRANTED and Plaintiff's claims should be dismissed without prejudice.

### II.  SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled

---

[1] Plaintiff's claims against Defendant Wendy Kelley and his equal protection claim against Defendant James Gibson were dismissed earlier.  (Doc. Nos. 8, 16, 18.)

to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III.    ANALYSIS

The Prison Litigation Reform Act ("PLRA") requires an inmate to exhaust available prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (per curiam). Exhaustion under the PLRA is mandatory. *Jones*, 549 U.S. at 211. "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison

grievance process itself." *Id.* at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Compliance with a prison's grievance procedures is, therefore, all that is required by the PLRA to properly exhaust. *Id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See id.*

The grievance policy of the Arkansas Department of Correction in effect at the time of the alleged constitutional violations was Administrative Directive 14-16, and Plaintiff's allegations are governed by that Directive. (Doc. No. 21; Doc. No. 21-1 at 1-2.) Pursuant to the Directive, an inmate is required to attempt informal resolution of a problem or complaint prior to filing a formal grievance. (Doc. No. 21-1 at 1-2.) This is accomplished by completing and submitting the Unit Level Grievance Form within fifteen days after the occurrence of the incident. (*Id.* at 5.) The form must include "a brief statement that is specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form." (*Id.* at 5-6.) Only one issue may be grieved per form, and only one issue will be addressed per form. (*Id.* at 5.) Following an attempt at informal resolution, an inmate may proceed by filing a formal grievance on the same Unit Level Grievance Form. (*Id.* at 8.) The warden or his designee must provide a written response within twenty working days of receipt. (*Id.* at 10.) If dissatisfied with the response, the inmate may appeal within five working days to the appropriate Chief Deputy/Deputy/Assistant Director. (Doc. No. 21-1 at 11.) The Chief Deputy/Deputy/Assistant Director must provide a written response within thirty working days. (*Id.* at 12.) "A written decision or rejection of an appeal at this level is the end of the grievance process." (*Id.*) Administrative Directive 14-16 includes the following warning:

> Grievances must specifically name each individual involved for a proper investigation and response to be completed by ADC. Inmates must fully exhaust

4

the grievance prior to filing a lawsuit.  Inmates who fail to name all parties during the grievance process may have their lawsuit or claim dismissed by the court or commission for failure to exhaust against all parties.

(*Id*. at 4-5.)

When multiple issues are grieved at the Unit Level, only the issue that was addressed may be considered exhausted.  "Additional problems/issues contained in the grievance will not be considered as exhausted."  (*Id*. at 5.)

### A.     **Defendant Gibson**

Plaintiff filed two grievances relevant to his claims in this case: VSM18-03394 and VSM18-02682.  (Doc. No. 21-2 at 1.)  In his Amended Complaint, Plaintiff alleges Defendant Gibson "never filed a use of force report . . . and stated a false time & witness in response to my grievance to internal affairs " in violation of Plaintiff's equal protection rights (Doc. No. 7 at 2, 3.)  Plaintiff named Defendant Gibson in grievance VSM18-03394 and, according to Defendants, exhausted the related claims.  (Doc. No. 21-2 at 2.)  Plaintiff's equal protection claim against Defendant Gibson, however, was dismissed on March 7, 2019.  (Doc. No. 16.)

Plaintiff did not specifically allege Defendant Gibson violated his due process rights.  (Doc. Nos. 2, 7.)  Considering that *pro se* pleadings must be liberally construed, however, any due process claim against Defendant Gibson would fail.  At his disciplinary appeal after Plaintiff first defeated the charges, Plaintiff was found guilty of violations, purportedly based on the allegedly false information provided by Defendant Gibson.  (Doc. No. 7 at 2.)  As a result of the conviction, Plaintiff lost commissary, phone, and visitation privileges for sixty days, served thirty days in punitive isolation, and his class was reduced.  (Doc. No. 2 at 19.)  Plaintiff did not allege retaliation, and the punishment he received does not call into question a protected liberty interest.  *See Sprouse v. Babcock* 870 F.2d 450, 452 (8th Cir. 1989) (false disciplinary not actionable unless made in

retaliation for exercise of constitutional right); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (no protected liberty interest in maintaining classification level); *Kennedy v. Blankenship*, 100 F.3d 640, 642-43 & n.2 (8th Cir. 1996) (sixty-day suspension of commissary, phone, and visitation privileges not atypical and significant hardship); *Portley-El v. Brill*, 288 F.3d 1063, 1065-66 (8th Cir. 2002) (thirty days in punitive segregation not atypical and significant hardship). Accordingly, Plaintiff's due process claim—to the extent he made one—should be dismissed.

### B. Defendant Washington

Plaintiff named Defendant Washington in Grievance No. VSM18-02682, dated September 16, 2018. (Doc. No. 21-2; Doc. No. 21-3.) According to ADC Administrative Directive 14-16, an inmate has five days in which to appeal a grievance. (Doc. No. 21-1 at 11.) Plaintiff's appeal of grievance VSM18-03394 was received by ADC officials only on November 19, 2018—well beyond the five-day appeal period. (*Id.*) Plaintiff has presented no evidence establishing that he filed the appeal of grievance VSM18-02682 within the time allowed. Because Plaintiff filed his appeal outside of the five-day period, the appeal was untimely. Inmates are warned in advance that

> they must exhaust their administrative remedies as to all defendants at all levels on the grievance procedure before filing a Section 1983 lawsuit and Claims Commission claim. If this is not done, their lawsuits or claims may be dismissed immediately.

(*Id*. at 17.) Here, Plaintiff's appeal was untimely and thus he did not exhaust his administrative remedies as to his excessive force claims against Defendant Washington. Accordingly, those claims should be dismissed without prejudice.

### IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Defendants' Motion for Summary Judgment (Doc. No. 19) be GRANTED.

6

    2.    Plaintiff's claims be DISMISSED without prejudice.

    3.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 7th day of May 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRSTE JUDGE